50 A.3d 669

IN THE MATTER OF TERENCE SEAN BRADY, AN ATTORNEY
AT LAW (ATTORNEY NO. 008541988).

September 20, 2012.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 12–029, concluding on the record certified to the Board pursuant to *Rule* 1:20–4(f) (default by respondent), that **TERENCE SEAN BRADY** of **MOUNT HOLLY,** who was admitted to the bar of this State in 1988, and who as been temporarily suspended from the practice of law since June 6, 2011, should be suspended from practice for a period of three months for his unethical conduct in five client matters, including violation of *RPC* 1.1(a) (gross neglect), *RPC* 1.1(b) (pattern of neglect), *RPC* 1.3 (lack of diligence), *RPC* 1.4(b) (failure to communicate with client), *RPC* 1.16(d) (failure to protect a client's interests upon termination of representation), *RPC* 8.1(b) (failure to cooperate with disciplinary authorities), and *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit, or misrepresentation);

And the Disciplinary Review Board having further concluded that respondent should be required to submit proof of his fitness to practice law;

And the temporary suspension from practice having been ordered by the Court due to respondent's failure to cooperate in the investigation of the within matters;

And good cause appearing;

It is ORDERED that **TERENCE SEAN BRADY** is suspended from the practice of law for a period of three months, retroactive to June 6, 2011; and it is further

ORDERED that with his application for reinstatement to practice, respondent shall submit to the Disciplinary Review Board proof of his fitness to practice law as attested to by a medical professional approved by the Office of Attorney Ethics; and it is further

ORDERED that pending his reinstatement to practice, respondent shall continue to comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.